FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 25 2020

James N. Hatten, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:16-CR-268-ODE |
| DESIMA JAMES | |

ORDER

This closed criminal case is before the Court on Defendant Desima James' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 74] and his amended motion for compassionate release [Doc. 76]. The Government responded in opposition on September 14 [Doc. 79] to which Defendant replied on September 21 [Doc. 80].

Between December 2015 and April 2016, Defendant Desima James ("James") engaged in a credit fraud and identity theft scheme [PSR at 38;[1] Doc. 61 at 13]. Specifically, he obtained identity information for at least seventeen victims and opened up store credit accounts in their names [Doc. 61 at 13]. He opened accounts at Sam's Club, Sears, Best Buy, Home Depot, HH Gregg, Saks Fifth Avenue, Pier 1 Imports, and Bath & Body Works [Doc. 61 at 13]. On March 27, 2017, James pleaded guilty to one count of access device fraud under 18 U.S.C. §§ 1029(a)(2) and (3) and one count of aggravated identity theft under 18 U.S.C. §§ 1028(a)(1) and (2) [Doc. 39-1; Doc. 50]. On August 2, 2017, Defendant James was sentenced to thirty-nine months of

---

[1] Citations to the PSR, [Doc. 53], will be cited as "PSR at PAGE".

imprisonment for access device fraud and twenty-four months for aggravated identity theft, to be served consecutively for a total of sixty-three months [Doc. 50 at 1-2].

Defendant now seeks compassionate release from his incarceration. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, states in pertinent part:

> **(c) Modification of an Imposed Term of Imprisonment.--** The court may not modify a term of imprisonment once it has been imposed except that--
>
>> (1) in any case--
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction . . . ; or
>>>>
>>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

With respect to "extraordinary and compelling reasons," under § 3582(c)(1)(A)(i), 28 U.S.C. § 994(t) provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

The Sentencing Guidelines policy statements appear at § 1B1.13, and provide that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of another person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13; see also United States v. Griffin, 815 F. App'x 503, 503 (11th Cir. 2020). "The policy statements list medical conditions and age of the defendant or certain family circumstances as examples of extraordinary and compelling reasons." Griffin, 815 F. App'x at 503; see U.S.S.G. § 1B1.13 app. note 1. They additionally state that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reasons for purposes of this policy statement." U.S.S.G. § 1B1.13 app. note 3.

In support of his motion for compassionate release, Defendant James cites the COVID-19 virus and certain medical conditions. Specifically, Defendant claims to have: (1) end

stage liver disease, hepatitis B with three legions on the top of his liver; (2) chronic breathing disorder (asthma); (3) HIV; (4) anxiety; (5) depression; and (6) hypertension (high blood pressure) [Doc. 74 at 9; Doc. 76 at 3-9]. The Government argues in response that none of these conditions are on the CDC's list of medical conditions for which people are at an increased risk for severe illness from COVID-19. See *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Three of his conditions--HIV, hypertension, and asthma--are conditions for which people "might" be at an increased risk. Id. But according to the Government, James' medical records do not establish that these three conditions, as particularized to him, present extraordinary and compelling reasons to immediately release him from prison [Doc. 79 at 12].

Even if Defendant is more at risk of contracting COVID-19 because of his health conditions, "[t]he COVID-19 pandemic, standing alone, does not warrant a reduction of sentence." United States v. Salter, CRIMINAL ACTION NO. 1:17-CR-00287-LMM-JFK, 2020 WL 5223543 (N.D. Ga. Sept. 1, 2020); see also United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."). Moreover, according to the Government, the Bureau of Prisons has taken several measures to protect the health of the inmates in its

4

custody such as suspending social visits, restricting inmate movement, and enhancing health screenings [Doc. 79 at 8-9]. According to the Government, as of the date it filed its brief--September 14, 2020--there were zero inmates who were positive for the virus and seventeen staff members who are positive [Doc. 79 at 9]. The Court therefore finds that Defendant's medical conditions do not amount to extraordinary and compelling reasons justifying release.

Defendant James has also failed to produce evidence showing that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The Government argues, to the contrary, that Defendant James would be a danger to the community because of his history of recidivism. In 2006, James was arrested for using an American Express credit card belonging to another person, possessing a fraudulent Georgia driver's license, and giving a false date of birth to a police officer [PSR ¶¶ 65]. In 2008, he was arrested for unlawfully using a Mastercard credit card in a victim's name to obtain $4,400 worth of merchandise [PSR ¶ 70]. In 2009, James used a victim's name and date of birth to complete a credit application for a Nissan Altima [PSR ¶ 73]. In 2010, Defendant pleaded guilty to mail fraud for filing thirty-two fraudulent FEMA claims [PSR ¶ 74]. He was sentenced to thirty-three months of incarceration [PSR ¶ 74]. Shortly after his release, Defendant was arrested in 2016 for the crimes for which he is currently incarcerated.

The Court agrees with the Government that Defendant has failed to established that he is no longer a danger to the

community. See <u>United States v. King</u>, 849 F.2d 485, 487 n.2 (11th Cir. 1988) (noting a defendant may pose a danger to the community not only through "physical violence" but also if he "might engage in criminal activity to the detriment of the community"); <u>see also</u> <u>United States v. Reynolds</u>, 956 F.2d 192, 192-93 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."). Because Defendant James has not produced evidence of any terminal or serious ailment or evidence that he would no longer be a danger to his community, the Court finds that Defendant has not produced extraordinary and compelling reasons to justify his release. Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 74] and his amended motion for passionate release [Doc. 76] are hereby DENIED.

SO ORDERED this 24 day of September, 2020.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE